UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TECHTARGET, INC. | )<br>)<br>) Civil Action No. _____<br>) |
| Plaintiff, | |
| v. | )<br>) |
| ENSCONCE DATA TECHNOLOGY, INC. | ) **COMPLAINT AND JURY DEMAND**<br>) |
| Defendant. | )<br>) |

## **INTRODUCTION**

This action arises from defendant Ensconce Data Technology Inc.'s ("Ensconce" or "Defendant") the wrongful refusal to pay plaintiff TechTarget, Inc. ("TechTarget" or "Plaintiff") more than $144,530.77[1]—exclusive of costs and fees—for advertising services TechTarget performed pursuant to a series of advertising contracts (collectively, the "Contracts") by and between the parties. By its Complaint, TechTarget seeks to recover damages caused by Defendant's breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III) and violation of RSA 358-A (Count IV).

As further support for its claims, TechTarget states as follows:

## **I.     PARTIES**

1.     TechTarget is a Delaware Corporation with a principal place of business at 117 Kendrick Street, Needham, MA  02494.

---

1 This amount represents a principal balance of $136,648.56, plus contractually mandated late fees of $7,882.21 (1.5% of principal for every 30 days payment is late).  This is a calculation from the date the last invoice was due, and is provided herein for illustrative purposes only.  TechTarget anticipates that Ensconce's actual late fees far exceed the amount reflected above.  TechTarget expressly reserves the right to amend its calculation of late fees.

2. Ensconce is a New Hampshire corporation with a principal place of business at 100 Market Street, Suite 203, Portsmouth, NH 03801.

## II. JURISDICTION AND VENUE

3. The District Court of the United States for the District of New Hampshire has jurisdiction in this matter under the provisions of 28 U.S.C. § 1332 in that it is a civil action between residents of different states, and the amount in controversy, exclusive of interest and costs, exceeds, $75,000.

4. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because, among other things, Ensconce resides in the District of New Hampshire.

## II. RELEVANT FACTS

5. TechTarget publishes integrated media that enable information-technology (IT) marketers to reach targeted communities of IT professionals and executives in all phases of the technology decision-making and purchase process.

6. Ensconce is the producer of Dead on Demand ™ products which purportedly provide effective solutions for hard drives that are lost, stolen or in need of proper sanitization.

7. Ensconce communicated an interest in utilizing TechTarget's advertising services to market its products and services.

8. On or about May 25, 2006, Ensconce and TechTarget signed the first in a series of Contracts with TechTarget, pursuant to which TechTarget agreed to perform certain advertising services on behalf of Ensconce.

9. Thereafter, Ensconce executed several additional Contracts with TechTarget. In accordance with the Contracts, Target Tech invoiced Ensconce for advertising services performed.

10. From at or near the outset of their business relationship, Ensconce failed to pay TechTarget's invoices in a timely manner. Notwithstanding such failures, TechTarget worked with Ensconce in a good faith effort to facilitate Ensconce's payment of its outstanding obligations to TechTarget.

11. Among other things, TechTarget assented to several payment plans (with TechTarget reserving all of its rights, claims and remedies), pursuant to which Ensconce repeatedly promised to satisfy its outstanding obligations through a series of monthly installment payments. Despite TechTarget's good faith and cooperative efforts, Ensconce consistently failed to honor its payment obligations to TechTarget.

12. All told, Ensconce has failed to pay substantially all amounts due under twenty-one separate invoices dated May through November 2007 (collectively, the "Invoices"). The aggregate amount due under the Invoices—exclusive of interest, costs and fees—is $136,648.56.

13. Pursuant to the Terms and Conditions common to each of the Contracts, Ensconce also agreed that TechTarget is entitled to monthly a late fee of 1.5%, plus all costs of collection and attorneys' fees.

## COUNT I
**(Breach of Contract)**

14. TechTarget repeats and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. Pursuant to the Contracts, TechTarget agreed, among other things, to perform certain advertising services for Ensconce, and Ensconce agreed to pay TechTarget for those services.

16. TechTarget has fully performed its obligations under the Contracts.

16. Ensconce breached the Contracts by, *inter alia,* failing to pay TechTarget in accordance with the Contracts.

17. TechTarget has suffered significant financial damages of at least $144,530.77 as a result of Ensconce's breaches of the Contracts, for which Ensconce is liable.

## COUNT II
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

18. TechTarget repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Ensconce's actions have deprived TechTarget of the fruits and benefits of the Contracts and constitute a breach of the implied covenant of good faith and fair dealing.

20. As a result, TechTarget has suffered financial damages for which Ensconce is liable.

21. TechTarget, therefore, is entitled to compensation for its efforts on behalf of Ensconce.

## COUNT III
**(Unjust Enrichment)**

22. TechTarget repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. TechTarget conferred a benefit upon Ensconce.

24. Ensconce accepted and appreciated the benefit conferred to it by TechTarget.

25. It is inequitable for Ensconce to retain the benefit without paying for the full and complete value thereof.

26. As a result, TechTarget has suffered substantial financial damage in an amount to be determined at trial.

## COUNT IV
**(Violation of NH Consumer Protection Act; RSA 358-A)**

27. TechTarget repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. RSA 358-A:2 prohibits those engaged in trade and commerce in this State from engaging in unfair or deceptive trade practices or acts.

29. Ensconce's conduct and omissions as described herein, including entering into an agreement for products and services, and falsely and repeatedly promising to pay for those product or services, violated RSA 358-A.

30. Pursuant to RSA 358-A:10, TechTarget is entitled to bring a private action in order to redress any harm it has suffered resulting from defendant's violations of RSA 358-A.

31. TechTarget is entitled to recover statutory or actual damages from Ensconce in accordance with RSA 358-A:10.

32. Given the circumstances, Ensconce's violations of RSA 358-A are properly deemed

to be willful and/or knowing violations of said statute. In accordance with RSA 358-A:10, TechTarget is therefore entitled to recover enhanced damages in this matter as determined by the Court.

33. TechTarget is further entitled to recover its costs of this suit and reasonable attorneys' fees in accordance with RSA 358-A:10, as determined by the Court.

34. As a result of Ensconce's violations of RSA 358-A:10, TechTarget suffered significant financial damages and harm.

**WHEREFORE**, TechTarget demands that the Court:

i. enter judgment in favor of TechTarget on each Count of the Complaint;

ii. award TechTarget damages, plus its attorneys' fees, interest, late fees and costs;

iii. enter judgment in its favor and against Defendant for multiple damages, plus costs, interest and attorney's fees for its violation of RSA 358-A:10 for multiple damages, plus costs, interest, and attorneys' fees; and

iv. enter such additional relief as it deems just and equitable.

### JURY DEMAND

TechTarget hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**TECHTARGET, INC.**

By its attorneys,

/s/ Christopher M. Waterman_____
Christopher M. Waterman, BNH# 17904
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110
(617) 263-2600
cwaterman@jdemeo.com

Dated: November 21, 2008
45485.1